In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-14-00172-CV
_____

IN THE INTEREST OF C.K.M.

On Appeal from the 279th District Court
Jefferson County, Texas
Trial Cause No. C-215,826-A

MEMORANDUM OPINION

On April 9, 2014, Appellants filed a notice of appeal from the trial court's "Order Granting Motion to Strike and Dismissing [Appellants'] Pleadings for Termination and Conservatorship Due to Lack of Standing" signed and entered by the trial court on March 21, 2014. Appellee filed a motion to dismiss the appeal for lack of jurisdiction, arguing that the trial court's Order was not a final judgment because it did not dispose of all of the live claims before the trial court. In their response, Appellants contend the record is ambiguous and that they "were unable

1

to determine if the Court's Order of March 21, 2014 constituted a final, appealable order or not."

"[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). According to the record now before us, the trial court did not sign the Order after a conventional trial on the merits and the record lacks any clear indication that the trial court intended the order to completely dispose of the entire case.[1] *See id.* We conclude that the March 21, 2014 Order is an interlocutory order. Therefore, we grant the motion to dismiss and dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

_____
HOLLIS HORTON
Justice

Submitted on September 3, 2014
Opinion Delivered September 4, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.

___

[1] We note that the order does not address grandparent access, and it lacks clear and unequivocal language of finality.